UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY, ) | CASE NO. 1:13-CV-02367 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| THE CONTINENTAL INSURANCE ) | |
| COMPANY et al., ) | |
| ) | |
| Defendants. ) | |

Defendant Resolute Management, Inc. ("Resolute") moves under Fed. R. Civ. P.12(b)(6) to dismiss, with prejudice, Counts I and II of the Complaint filed by Plaintiff Westfield Insurance Company ("Westfield"). For the reasons stated, Resolute's Motion to Dismiss (ECF #16) is GRANTED.

## I. FACTS

On October 24, 2013, Westfield filed a Complaint seeking declaratory relief concerning a Cost Sharing Agreement ("Agreement") between it and Defendant, Continental Insurance Company ("Continental")[1]. The Agreement concerned two insureds in particular, Mahoning Valley Supply Company ("MVS") and Hersh Packing and Rubber Company ("Hersh"). Both Westfield and Continental issued policies of insurance to the two insureds, and shared the litigation defense expenses when MVS and Hersh were named as defendants in lawsuits

---

[1] In considering the motion to dismiss, the court takes the well-pled factual allegations as true, pursuant to Fed. R. Civ. P.12(b)(6).

concerning asbestos-related injuries.

Defendant Resolute, acting as an agent for Continental, provided claims-handling services for Continental's asbestos claims, including claims arising under the insurance contract between Continental and MVS. In its Complaint, Westfield named Resolute as an interested party to this action due to Resolute's interactions with MVS on behalf of Continental. Westfield contends that because Resolute is the party responsible for making payments and determining the amount of coverage exhausted under the policies in dispute, Resolute must be joined in the declaratory judgment action. In support of its position, Westfield cites a letter purportedly from Resolute to MVS, informing the insured of the near exhaustion of its coverage and Resolute's intent to discontinue the payments to MVS. Both parties agree that, as a third-party claims administrator, Resolute is not in contractual privity with Westfield, and was not a party to the agreement between Continental and MVS.

## II. LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the Court must assess, given the material required to be in the complaint, whether the complaint can prove a set of facts entitling the complainant to recovery on the allegations against the moving party. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). In making this assessment, the Court must take only well-pleaded factual allegations as true and reject allegations that are nothing more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 127 S.Ct. at 1964-65; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1953 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim for relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility requirement is not a "probability requirement," but requires "more than a sheer possibility that the defendant

has acted unlawfully." *Id*.

### III. ANALYSIS

Westfield's Complaint seeks declaratory judgment against all of the defendants, including Resolute. Count I seeks a declaration regarding defense costs incurred under the Agreement, while Count II requests a declaratory judgment determining the amount of indemnity coverage available to the insured under Continental's predecessor policies.

Resolute seeks dismissal of these counts, claiming that, as a matter of law, there is no actual controversy between Westfield and Resolute, such that Resolute is not an "interested party" under 28 U.S.C. § 2201. Section 2201(a) provides:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

The Court finds that Resolute is not an interested party to this action. Westfield agrees that Resolute has no rights or obligations under any Continental policies. Because Resolute is not a party to the Agreement or any Continental policy, Westfield has no contractual rights against Resolute, and this Court's ruling regarding Westfield's contractual rights against Continental do not directly concern or affect Resolute. Thus, there is no actual controversy between Westfield and Resolute, such that Resolute is not an "interested party" under Section 2201.

Moreover, there is no controversy between Westfield and Resolute regarding Resolute's duties as an agent for Continental. The parties agree that Resolute will be bound by any order of this Court to the extent that Resolute will be contractually required to take the appropriate

actions on behalf of Continental as its claims handler once the Court construes Westfield's rights against Continental.  Absent a controversy involving Resolute, Westfield's Complaint against Resolute must be dismissed.

## IV.  **CONCLUSION**

For all of the stated reasons, Resolute is not an "interested party" to this action. Counts I and II of Westfield's Complaint fail to state a claim upon which relief may be granted against Resolute. Resolute's Motion to Dismiss (ECF #16) is GRANTED.


IT IS SO ORDERED

       /s/Donald C. Nugent_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE


Dated:  _July 15, 2014_